### SAMUEL CARTER *vs.* CHARLES D. BURT.

statute imposing, for an offence, the penalty of imprisonment in the house of correction in the county where the offence was committed, is not repealed by the enactment of a subsequent statute, providing that the court in its discretion may commit the person under sentence to the house of correction in any county in the Commonwealth, in the same manner as such person might be committed in the county where the court is holden, and that all inconsistent statutes are repealed.

HABEAS CORPUS to the keeper of the house of correction at New Bedford, in Bristol County. The case, which is sufficiently stated in the opinion, was reserved by *Gray,* J., for the determination of the whole court.

*N. St. J. Green & G. Sennott,* for the prisoner.

*Reed,* A. G., for the Commonwealth.

BIGELOW, C. J. The prisoner in this case alleges a distinct ground, on which he claims to be discharged, in addition to

those which have already been considered and disposed of in the case of Dolan. It appears that he was convicted of being a common seller of intoxicating liquors, and was sentenced therefor to pay a fine of fifty dollars and to be imprisoned for the term of three months in the house of correction. This con viction and sentence were in the superior court for the county of Bristol, but the imprisonment was not ordered to take place in the house of correction for that county, nor was any house of correction designated as the place where the prisoner was to be confined in execution of the sentence. By Gen. Sts. *c.* 86, § 31, it is required that in such cases the imprisonment shall be in the house of correction in the county where the offence was committed; but by *St.* 1866, *c.* 280, § 2, which was in force when the sentence was pronounced upon the prisoner, it is provided that any person under sentence may be committed, at the discretion of the court, " to the house of correction in any county in the Commonwealth, in the same manner as such person might be committed in the county where the court is so holden." It is contended, in behalf of the prisoner, that the provisions in the General Statutes, prescribing a specific house of correction as the place for inflicting the punishment on a person convicted of being a common seller of intoxicating liquors, is inconsistent with and repugnant to the enactment in § 2 of *St.* 1866, *c.* 280, authorizing the imprisonment for the offence to take place in any nouse of correction within the Commonwealth, and that the former provision is repealed by § 4 of the latter statute.

The argument in support of this position is in substance this : that under the section of the General Statutes already cited the prisoner would have been liable to imprisonment in the house of correction for the county of Bristol; that the designation of the specific house of correction was, under this provision, an essential part of the sentence ; that the subsequent enactment in *St.* 1866, *c.* 280, § 2, makes a change in the punishment which materially affects the rights of the accused by aggravating the penalty ; and the prisoner is not liable to be imprisoned at all for the offence of which he has been convicted ; not under the General Statutes, for the provision which prescribes the

punishment has been repealed by the new act; and not under the latter, because that would be to give a penal enactment a retroactive operation.

But it seems to us that this argument is unsound and fallacious. It assumes that the punishment affixed to the offence of which the prisoner is convicted is essentially changed and aggravated by the new statute. But this is not so. The change is not in the nature of the penalty or its degree, but only in the locality where it may be inflicted. The essential rights of a person convicted are not materially affected, nor is the punishment aggravated, by an imprisonment in one county of the Commonwealth rather than in another. There would be great force in the argument urged in behalf of the prisoner, if the new statute had authorized the imprisonment to be inflicted in a penal institution designed or appropriated for the punishment of offences of a higher or more aggravated nature than those punishable in the house of correction, although the term of imprisonment had remained unchanged. It might then have been said that the disgrace and reproach attendant upon conviction had been enhanced, and the aggravation of the penalty increased, by a confinement with criminals of a more depraved and infamous character. But, under the statutes of this commonwealth, the several houses of correction in the different counties of the Commonwealth are places designated and used for the punishment of offences of the same grade and degree; they are all subject to the same rules of government; the persons committed to them are under substantially the same discipline, and are entitled to the same rights and privileges. Gen. Sts. c. 178, §§ 6–49. In legal contemplation, a commitment to a house of correction in one county for a specific term cannot be regarded as a higher or lesser punishment than a commitment to a house of correction in another county for the same period of time. The essential elements of the penalty are the same in either case. If it were not so, the strange anomaly would exist under the administration of penal law in this commonwealth that the aggravation or degree of punishment would depend, not on the term of punishment inflicted on a convicted party

nor on the class or grade of the penal institution to which he was committed, but on the locality of the house of correction in which his imprisonment was to take place. And it would also follow as a necessary result, that a severer punishment might be inflicted on a person committed to a house of correction in one county than upon a convict in another county of an offence of the same kind and degree.

The real difficulty with the argument urged in behalf of the prisoner is, that it confounds the essential elements of punishment with immaterial incidents which are not attached to the legal penalty, but which result from the condition and situation in which the convicted party may happen to be placed. It is suggested, for example, that a convict, if imprisoned in a house of correction within the county where he resides, may have communication with his family and friends during his imprisonment, of which he would be deprived if confined in another and more remote locality, and that on his discharge he would not be subjected to the expense of a journey home, which, if imprisoned at a distance, he might be unable to defray. But this argument proves too much. Carried to its legitimate result, it would show that in each county punishment for crime would be aggravated in proportion to the distance which the party convicted happened to reside from the town in which the house of correction was situated. But such incidents constitute no part of punishment. Perfect equality in the operation and effect of legal penalties cannot be attained. The law must act by uniform and fixed rules. These cannot be varied or changed to meet the peculiar temperament or condition of each person, any further than the exercise of a wise discretion can enable courts to adapt their judgments to the circumstances attendant on every case which comes before them.          *Prisoner remanded.*